IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATIE JOHNSON | § | |
| | § | |
| | § | CIVIL ACTION |
| vs. | § | |
| | § | |
| | § | NO. _____ |
| | § | |
| RACETRAC PETROLEUM, INC. | § | JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

RaceTrac Petroleum, Inc. ("RaceTrac"), the Defendant herein, respectfully submits the following notice of removal.

### I.

RaceTrac is the Defendant in litigation now pending in the 192nd District Court of Dallas County, Texas, Cause No. DC-19-00460, styled *"Katie Johnson v. RaceTrac Petroleum, Inc."* The suit filed against RaceTrac is a civil action seeking damages for alleged personal injury arising from an alleged slip-and-fall that allegedly occurred on premises owned and operated by Defendant in Dallas, Dallas County, Texas, on July 23, 2018.

### II.

Both at the time of the filing of Plaintiff's Original Petition and at the time of the filing of this Notice of Removal, Plaintiff was, is, and continuously has been an individual citizen of the State of Texas with her place of residence in the state of Texas. Both at the time of filing Plaintiff's Original Petition and at the time of the filing of this Notice of Removal, Defendant RaceTrac was, is, and continuously has been a corporation organized and existing under the laws

**NOTICE OF REMOVAL – Page 1**

of the State of Georgia and having its principal place of business in the State of Georgia. Thus, Defendant is a corporate citizen of the state of Georgia. There is, therefore, diversity of citizenship between the parties.

## III.

The amount in controversy in this matter, exclusive of interest and costs, exceeds the sum or value of $75,000, as evidenced by the allegation on page 4 of Plaintiff's Original Petition, where Plaintiff expressly alleges that she seeks recovery against Defendant for "monetary relief of over $1,000,000.00 but not more than $10,000,000.00."

In addition, Plaintiff alleges on page 4 of her Petition, paragraph 11, that she "was caused to suffer bodily injuries, and to incur the following damages" for which she seeks recovery in excess of $1,000,000, including: (a) reasonable medical care and expenses in the past, (b) reasonable medical care and expenses to be incurred in the future, (c) physical pain and suffering in the past, (d) physical pain and suffering in the future, (e) loss of earnings in the past, (f) loss of earning capacity in the future, (g) loss of household services in the past, (h) loss of household services in the future, (i) mental anguish in the past, and (j) mental anguish in the future.

Defendant submits, therefore, that it is apparent on the face of Plaintiff's Original Petition that the amount in controversy exceeds the sum or value of the jurisdictional threshold of $75,000.

## IV.

This Court has jurisdiction and this action is properly removable based upon diversity of citizenship under 28 U.S.C. §1332, et seq. Pursuant to 28 U.S.C. § 1664, Defendant has removed this action to this Court within the time specified by law.

**V.**

Pursuant to Local Rule CV-81(c), attached hereto are (1) an index of all attached documents, (2) a list of all parties in the case, their party type and current status of the removed case (pending), (3) a certified copy of the Docket Sheet in the State Court action, (4) all pleadings (excluding discovery material) filed in the State Court action, Cause No. DC-19-00460, in the 192nd District Court of Dallas County, Texas, (5) a complete list of all attorneys involved in the action, (6) a record of which parties have requested trial by jury, and (7) the name and address of the court from which the case has been removed.

**<u>PRAYER FOR RELIEF</u>**

Wherefore, premises considered, Defendant prays that the action now pending in the 192nd District Court of Dallas County, Texas be removed to this, the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

BY: _____

Michael A. Hummert
Lead Attorney
State Bar No. 10272000
mhummert@ekvallbyrne.com
Ignacio Barbero
State Bar No. 00796162
ibarbero@ekvallbyrne.com
EKVALL & BYRNE, LLP
4450 Sigma Road, Suite 100
Dallas, Texas 75244
TELEPHONE (972) 239-0839
FACSIMILE (972) 960-9517

ATTORNEYS FOR DEFENDANT

**<u>NOTICE OF REMOVAL</u> – Page 3**

## CERTIFICATE OF SERVICE

On March ___29___, 2019, I electronically submitted the foregoing document with the clerk of court of the U.S. District Court, Northern District of Texas, using the electronic case files system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

MICHAEL A. HUMMERT

**NOTICE OF REMOVAL – Page 4**

# ALL PROCESS, PLEADINGS and ORDERS PREVIOUSLY SERVED UPON DEFENDANT AND DEFENDANT'S ANSWER IN CAUSE NO. DC-19-00460
## *Katie Johnson*
### *vs.*
## *RaceTrac Petroleum, Inc.*

# IN THE 192ND DISTRICT COURT OF DALLAS COUNTY, TEXAS

✤✤✤

A.    Certified copy of Civil Docket Sheet from Dallas County District Clerk for Cause No. DC-19-00460

B.    Plaintiff's Original Petition filed January 10, 2019

C.    Citation to Defendant RaceTrac Petroleum, Inc. served February 27, 2019

D.    Defendant's Original Answer filed March 22, 2019



FELICIA PITRE, DISTRICT CLERK

# DOCKET SHEET
## CASE NO. DC-19-00460

| | | |
|---|---|---|
| **KATIE JOHNSON** | § | Location:  **192nd District Court** |
| vs. | § | Judicial Officer:  **SMITH, CRAIG** |
| **RACETRAC PETROLEUM, INC** | § | Filed on:  **01/10/2019** |
| | § | |

---

### CASE INFORMATION

Case Type:  **PROPERTY**

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **PLAINTIFF** | **JOHNSON, KATIE** | **HANING, COURTNY** |
| | | *Retained* |
| | | 214-217-0705(W) |
| | | |
| **DEFENDANT** | **RACETRAC PETROLEUM, INC** | **HUMMERT, MICHAEL A** |
| | | *Retained* |
| | | 972-239-0839(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 01/10/2019 | NEW CASE FILED (OCA) - CIVIL | |
| 01/10/2019 | ORIGINAL PETITION | |
| 01/10/2019 | ISSUE CITATION | |
| 01/10/2019 | JURY DEMAND<br>  Party:  PLAINTIFF  JOHNSON, KATIE | |
| 01/11/2019 | **CITATION**<br>RACETRAC PETROLEUM, INC<br>Unserved<br>*eserve-ab* | |
| 02/13/2019 | REQUEST FOR SERVICE | |
| 02/13/2019 | ISSUE CITATION<br>  *ESERVE* | |
| 02/14/2019 | **CITATION**<br>RACETRAC PETROLEUM, INC<br>Served: 02/27/2019<br>*ESERVE JW* | |
| 03/06/2019 | RETURN OF SERVICE<br>  *EXECUTED CITATION - RACETRAC PETROLEUM, INC.* | |
| 03/22/2019 | ORIGINAL ANSWER - GENERAL DENIAL<br>  Party:  DEFENDANT  RACETRAC PETROLEUM, INC | |

---

| DATE | FINANCIAL INFORMATION | |
|---|---|---|

**PLAINTIFF**  JOHNSON, KATIE
| | |
|---|---|
| Total Charges | 348.00 |
| Total Payments and Credits | 348.00 |
| **Balance Due as of 3/29/2019** | **0.00** |

*Printed on 03/29/2019 at 9:43 AM*

FELICIA PITRE, DISTRICT CLERK

# DOCKET SHEET
## CASE NO. DC-19-00460

| 01/10/2019 | Charge | | PLAINTIFF JOHNSON, KATIE | 340.00 |
| 01/10/2019 | CREDIT CARD - | Receipt # 1804-2019-DCLK | PLAINTIFF JOHNSON, KATIE | (340.00) |
| | TEXFILE (DC) | | | |
| 02/14/2019 | Charge | | PLAINTIFF JOHNSON, KATIE | 8.00 |
| 02/14/2019 | CREDIT CARD - | Receipt # 10076-2019-DCLK | PLAINTIFF JOHNSON, KATIE | (8.00) |
| | TEXFILE (DC) | | | |

*Printed on 03/29/2019 at 9:43 AM*

STATE OF TEXAS    }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this _29_ day of _March_, A.D., _2019_.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By_____Deputy

**B**

FILED
DALLAS COUNTY
1/10/2019 9:34 AM
FELICIA PITRE
DISTRICT CLERK

JAVIER HERNANDEZ

1 CIT/ESERVE

JURY FEE

DC-19-00460

CAUSE NO. _____

| | | |
|---|---|---|
| KATIE JOHNSON | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| vs. | § | K-192ND  JUDICIAL DISTRICT |
| | § | |
| RACETRAC PETROLEUM, INC. | § | |
| *Defendant* | § | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION
AND REQUEST FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, KATIE JOHNSON, hereinafter called Plaintiff, complaining of and about

RACETRAC PETROLEUM, INC., hereinafter called Defendant, and for cause of action show

unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends that discovery be conducted under Discovery Level II.

### II. PARTIES AND SERVICE

2.    Plaintiff, KATIE JOHNSON, is an Individual whose address is 3930 Accent Dr.

#2421 Dallas, Texas 75237.  The last three digits of her social security number are 459.

3.    Defendant, RACETRAC PETROLEUM, INC., is a corporation authorized to do

business in Texas. It may be served with process by serving its registered agent at the following

address: 2425 W Loop South #200, Houston, Texas 77027. Service of said Defendant can be

effected by personal delivery.

### III. JURISDICTION AND VENUE

4.    The subject matter in controversy is within the jurisdictional limits of this court.

5.    This court has jurisdiction over the parties because Defendant RACETRAC

PETROLEUM, INC purposefully availed itself of the privilege of conducting activities in the state

of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6.      Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. FACTS

7.      On July 23, 2018, Plaintiff was walking at RaceTrac gas station #478 located at 8124 Forest Ln, Dallas, Texas 75243. Plaintiff was entering the convenience store located on the premises. This is an area regularly traveled through by customers. The floor on the entrance of the convenience store was wet and unmarked which created a hazard and caused Plaintiff to slip and fell. Due to the fall, Plaintiff suffered serious bodily injury.

8.      At the time of the incident, Plaintiff was an invitee on the property in question. The property is owned, controlled, and/or managed by Defendant RACETRAC PETROLEUM, INC. Plaintiff received no warnings prior to the incident and was without fault. Plaintiff did not contribute to the incident in question. Plaintiff's slip and fall was proximately caused by the negligence of Defendants, and/or Defendants' agents, servants, employees and/or representatives. Defendant RACETRAC PETROLEUM, INC. had notice as another customer had slipped and fell on the same wet surface earlier that day.

## V. PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST TARGET CORPORATION

9.      At all times mentioned herein, Defendants owed duties to Plaintiff, including but not limited to the following and, by various acts and omissions, breached these duties, each of

2

which singularly or in combination, was a proximate cause of the occurrence in question and Plaintiff's injuries:

    a.   In failing to maintain the aisle of the stores' premises in a reasonably safe manner;

    b.   In failing to warn Plaintiff of the dangerous condition of the aisle;

    c.   In permitting the aisle to remain in its dangerous state;

    d.   In failing to properly train, supervise, manage, and control its employees responsible for the creation and maintenance of the aisle;

    e.   In failing to properly supervise its employees;

    f.   In failing to provide Plaintiff a safe place in which walk and shop; and

    g.   In failing to properly and timely inspect the area.

10.    At the time of the incident in question, Defendant RACETRAC PETROLEUM, INC, and its agents, servants, employees and/or representatives, owned and/or controlled the premises in question where the incident took place. Defendants owed a duty to Plaintiff to prevent a foreseeable risk of injury and assumed a duty to provide safe premises. As a matter of routine, Defendants should have discovered the dangerous condition and taken corrective action in a timely manner. Defendants failed to do so. Specifically, Defendants breached its duty of care by allowing the slippery substance to remain on the floor and not promptly assuring that Defendants' invitees had a safe surface on which to walk and move about the store. Defendant's failure to exercise reasonable care proximately causing the incident in question and resulting in damage

## VI. DAMAGES FOR PLAINTIFF AMANDA ARISPE

11.    As a direct and proximate result of the occurrence made the basis of this lawsuit,

3

Plaintiff KATIE JOHNSON, was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiff seeks monetary relief of over $1,000,000.00 but not more than $10,000,000.00:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, KATIE JOHNSON for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Dallas County, Texas;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Loss of earnings in the past;

F. Loss of earning capacity which will, in all probability, be incurred in the future;

G. Loss of Household Services in the past;

H. Loss of Household Services in the future;

I. Mental anguish in the past; and

J. Mental anguish in the future.

## VII. DEMAND FOR TRIAL BY JURY

12. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## VIII. REQUEST FOR DISCLOSURE

13. Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in rule 194.2.

4

## IX. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, KATIE JOHNSON, respectfully prays that the Defendants, RACETRAC PETROLEUM, INC, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Bergquist Law Firm

By: _____

**Courtny Haning**
Texas Bar No. 24106050
3811 Turtle Creek Blvd., Suite 450
Dallas, TX 75219
Tel: (214) 217-0705
Fax: (713) 739-0000
cnh@bergquistlawfirm.com
Attorney for Plaintiff
KATIE JOHNSON

5

FEB 2 7 2019

C



**CORPORATE CREATIONS**®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL  33410

February 28, 2019

RACETRAC PETROLEUM, INC.
Dale  Marshall Contract & Corporate Governance Manager
RaceTrac
200 Galleria Parkway SE, Suite 900
ATLANTA  GA  30339

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL Information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

Item: 2019-56

| | | |
|---|---|---|
| 1. | **Client Entity:** | RACETRAC PETROLEUM, INC. |
| 2. | **Title of Action:** | Katie Johnson vs. Racetrac Petroleum, Inc. |
| 3. | **Document(s) Served:** | Citation<br>Plaintiff's Original Petition and Request for Disclosure |
| 4. | **Court/Agency:** | Dallas County K-192nd Judicial District Court |
| 5. | **State Served:** | Texas |
| 6. | **Case Number:** | DC-19-00460 |
| 7. | **Case Type:** | Negligence/Personal Injury |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Wednesday 2/27/2019 |
| 10. | **Date to Client:** | Thursday  2/28/2019 |
| 11. | **# Days When Answer Due:** See Notes<br>**Answer Due Date:** See Notes | **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received. |
| 12. | **SOP Sender:**<br>(Name, City, State, and Phone Number) | Courtny Haning<br>Dallas, TX<br>214-217-0705 |
| 13. | **Shipped to Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | Not Applicable |
| 15. | **Handled By:** | 441 |
| 16. | **Notes:** | Please note the answer is due by 10:00am on the Monday next following the expiration of twenty (20) days after service |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

Came To Hand: 2/26/19
Delivered: 2/27/19
By: _____

## FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

| | |
|---|---|
| **ESERVE** | |

**CITATION**

DC-19-00460

To:

    RACETRAC PETROLEUM, INC
    BY SERVING REGISTERED AGENT CORPORATE CREATIONS INC.
    2425 W LOOP SOUTH #200
    HOUSTON TX 77027

**KATIE JOHNSON**
vs.
**RACETRAC PETROLEUM, INC**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **192nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

**ISSUED THIS**
**14th day of February, 2019**

Said Plaintiff being **KATIE JOHNSON**

Filed in said Court **10th day of January, 2019** against

**RACETRAC PETROLEUM, INC**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

For Suit, said suit being numbered **DC-19-00460,** the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **AND REQUEST FOR DISCLOSURE,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

By: JEFFERY WHITE, Deputy

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 14th day of February, 2019.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

**Attorney for Plaintiff**
COURTNY HANING
3811 TURTLE CREEK BLVD
STE 450
DALLAS TX 75219
214-217-0705
cnh@berquistlawfirm.com

By _____, Deputy
    JEFFERY WHITE



**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-19-00460

Court No.192nd District Court

Style: KATIE JOHNSON

vs.

RACETRAC PETROLEUM, INC

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock_____ .M. Executed at _____.

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____.

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# D

FILED
DALLAS COUNTY
3/22/2019 3:21 PM
FELICIA PITRE
DISTRICT CLERK

Loaidi Grove

CAUSE NO. DC-19-00460

| | | |
|---|---|---|
| KATIE JOHNSON | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| RACETRAC PETROLEUM, INC. | § | |
| | § | |
| Defendant | § | 192ND JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO SAID HONORABLE COURT:

RaceTrac Petroleum, Inc. ("RaceTrac"), the Defendant herein, files this, its Original Answer to Plaintiff's Original Petition, respectfully showing unto the Court as follows:

### GENERAL DENIAL

**I.**

Subject to such stipulations and admissions as may be hereafter made, Defendant hereby enters a general denial, as is permitted by Rule 92 of the Texas Rules of Civil Procedure.

### AFFIRMATIVE DEFENSES

**II.**

Pleading further, Defendant would show that Plaintiff was guilty of certain acts or omissions of negligence, each of which, separately or concurrently, was the sole proximate cause or, alternatively, a proximate cause of the occurrence made the basis of this suit, including but not limited to failing to keep a proper lookout for her own safety.

**III.**

Pleading further, and in the alternative, Defendant would show that the occurrence made the basis of this suit was the result of an unavoidable accident; that is, one not proximately caused by the negligence of any party to it.

**DEFENDANT'S ORIGINAL ANSWER** – Page 1

IV.

Pleading further in the alternative, Defendant would show that the act or omission of a separate and independent agency, not reasonably foreseeable, destroyed the causal connection, if any, between the acts or omissions of Defendant and the occurrence in question, and thereby became the immediate cause of such occurrence and the Plaintiff's claimed injuries and damages.

### PRAYER

For the above reasons, Defendant prays that upon final hearing judgment be rendered that Plaintiff recover nothing of and from Defendant, and that Defendant recover its costs in this behalf expended; further, that Defendant be granted all such other and further relief to which it may be justly entitled.

Respectfully submitted,

EKVALL & BYRNE, LLP

BY: _____

Michael A. Hummert
State Bar No. 10272000
mhummert@ekvallbyrne.com
Ignacio Barbero
State Bar No. 00796162
ibarbero@ekvallbyrne.com
4450 Sigma Road, Suite 100
Dallas, Texas   75244
TELEPHONE (972) 239-0839
FACSIMILE    (972) 960-9517

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was e-served on counsel of record herein in accordance with the Rules of Civil Procedure on this 22nd day of March, 2019.

_____
MICHAEL A. HUMMERT